IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Marrion Franklin, aka Marion Franklin, | ) | C/A No. 8:12-2331-GRA-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Michael McCall, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 27.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 13, 2012.[1] [Doc. 1.] Petitioner submitted his Petition on a form used to file a petition for writ of habeas corpus under 28 U.S.C. § 2241; however, because Petitioner's claims challenging the validity of his state criminal conviction are cognizable only under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241,[2] the Court ordered Petitioner to resubmit his petition on the form used to

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on August 13, 2012.  [Doc. 1-1 (envelope stamped as received by the prison mail room on August 13, 2012).]

[2] The primary means of attacking the validity of a state conviction and sentence is through a petition pursuant to 28 U.S.C. § 2254, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a sentence.  *See Clemmons v. South Carolina*, No. 0:08–607–RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008) ("Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers.").  *But see Freeman v. Pate*, 9:11–cv–01421–DCN–BM, 2011 WL 3420451, at *2 n. 3 (D.S.C. July 19, 2011).

file a petition for writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 8.] Accordingly, on August 30, 2012, Petitioner's resubmitted Petition was filed. [Doc. 1-2.]

On December 14, 2012, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 26, 27.] On December 17, 2012, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 28.] On January 2, 2013, Petitioner filed a supplement to his Petition, which he titled an "amendment in reference to petition for habeas corpus" [Doc. 38] and, on January 8, 2013, Petitioner filed a response in opposition [Doc. 39]. On March 20, 2013, the Court ordered Respondent to file a reply [Doc. 41], and Respondent filed a reply on March 29, 2013 [Doc. 43].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## **BACKGROUND**

Petitioner is presently confined in the South Carolina Department of Corrections at Lee Correctional Institution pursuant to orders of commitment of the Richland County Clerk of Court. [Doc. 1-2 at 1.] In February 2001, Petitioner was indicted for criminal sexual conduct with a minor in the first degree. [App. 356–57.[3]] On April 23, 2001, represented by Lesley Coggiola ("Coggiola") and Ian Deysach ("Deysach"), Petitioner proceeded to a

---

[3]The Appendix can be found at Docket Entry Numbers 30-1 and 30-2.

jury trial. [App. 1–354.] Petitioner was found guilty as indicted [App. 343–44] and sentenced to thirty years imprisonment [App. 353].

**Direct Appeal**

Petitioner timely filed and served a notice of appeal. On March 7, 2002, Aileen P. Clare ("Clare") of the South Carolina Office of Appellate Defense filed an *Anders* brief[4] on Petitioner's behalf in the South Carolina Court of Appeals, as well as a petition to be relieved as counsel. [Doc. 26-1.] The brief raised the following issue: "Was Appellant entitled to a directed verdict, when the State did not prove that he was the person who sexually assaulted the child victim?" [*Id.* at 4.] Petitioner filed a pro se response. [Doc. 30-3.] On November 4, 2002, the South Carolina Court of Appeals filed a per curiam opinion dismissing Petitioner's appeal and granting Clare's motion to be relieved. [Doc. 26-2.] Remittitur was issued on December 6, 2002. [Doc. 26-3.]

**PCR Proceedings**

***First PCR Application***

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on September 20, 2004. [Doc. 26-4.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a)    Subject Matter Jurisdiction
>
> Applicant set forth this cause of action pursuant to the jurisdiction that are set forth in Chapter 17 § 17-27-20(1), (6) "Collateral att[ac]k upon and ground of alleged error heretofore available under this uniform that are being submitted or amended.

---

[4] A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

3

Applicant asserts that subject matter jurisdiction is to be raised, due to the fact that Applicant do[es] not have the aid of the proper records to establish his Constitutional Claims to support Subject Matter Jurisdiction.

Pursuant to the So. Car. Rules of Civil Procedures Rule 71.1(e), states that the burden of proof is on the Applicant to show his entitlement for relief. It would be chronologically impossible for the Applicant to carry such a burden without the aid of the proper records to establish his Constitutional Claims.

The Applicant request that this Court forward the above records in this case to the Applicant. Applicant, moves this Honorable Court pursuant to So. Car. Code of Law's 1976 Title 17 Section 17-27-90 to grant leave to file an amended application in this cause of action due to the lack of records thereof.

Applicant seeks this court approval of this application, so the Applicant right to a PCR wont be deem abando[n], due to the fact that the applicant has only one year to file this application from the date he received information from Barbara A. Scott that there is no such case in documented his her office dated 6-9-04.

[Doc. 26-4 at 3–4.] The State filed a return and motion to dismiss on August 10, 2005.

[Doc. 26-5.] On August 16, 2005, the PCR court issued a conditional order of dismissal,

summarily dismissing the PCR application for failure to file within the time mandated by

statute, and gave Petitioner twenty days from service of the order to show why the order

should not become final. [Doc. 26-6.] Petitioner failed to respond to the conditional order;

accordingly, a filed final order was filed on November 21, 2005 summarily dismissing the

action with prejudice. [Doc. 26-7.]

### Second PCR Application

Petitioner, represented by Tara Dawn Shurling ("Shurling"), filed a second PCR

application on May 2, 2007 [Doc. 26-8], alleging the following ground for relief:

4

| | |
|---|---|
| **Ground:** | Counsel for the Applicant in his last Post-Conviction Relief action, docketed at CP # 04-CP-40-4396, failed to file a Notice of Appeal from the Order of Dismissal filed in August 2005. |
| **Supporting Facts**: | Post-Conviction Relief counsel failed to preserve the Applicant's right to appeal Judge J. Ernest Kinard's Order by filing a Notice of Appeal.  Counsel now advises Austin review. |

[*id.* at 3].  Petitioner sought "Austin review: belated PCR appeal."[5]  [*Id.* at 6.]  On December 12, 2007, the PCR court filed a consent order granting Petitioner a belated appeal pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991).[6]  [Doc. 26-9.]

**State Habeas Petition**

On November 2, 2010, Petitioner filed a petition for writ of habeas corpus in the South Carolina Court of Common Pleas.  [Doc. 26-10.]  In his petition, Petitioner alleged the following trial errors:

---

[5]As the South Carolina Supreme Court has explained,

> This Court has allowed successive PCR applications where the applicant has been denied complete access to the appellate process. Under the PCR rules, an applicant is entitled to a full adjudication on the merits of the original petition, or "one bite at the apple." This "bite" includes an applicant's right to appeal the denial of a PCR application, and the right to assistance of counsel in that appeal.

> An *Austin* appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review.

> * * *

> *Austin* appeals are considered "belated appeals" and are used to rectify unjust procedural defects, such as when an attorney does not file a timely appeal.

*Odom v. State*, 523 S.E.2d 753, 757 (S.C. 1999) (citations and footnote omitted).

[6]According to Respondent, "[i]t does not appear that an appeal was taken from the consent order granting a belated appeal" and "the current record is unclear as to whether [Petitioner] knowingly and voluntarily waived his right to appeal or collateral counsel again failed to perfect an appeal."  [Doc. 26 at 4.]

1.    Petitioner first argues his counsel was deficient in failing to adequately and properly move to quash the defective indictment in accordance with the S.C. Code Ann. § 17-19-90 (2003).

2.    Petitioner contends that counsel was deficient in failing to object when the Solicitor closing statement misrepresented testimony that was given during trial.

3.    Petitioner counsel was deficient in failing to move for a mistrial when the Court had improper communication with the [jurors in his absence.][7]

4.    Petitioner counsel was deficient for failing to determine whether or not the State's Case would include DNA evidence.

5.    Petitioner counsel was deficient for failing to make any pre-trial motion to dismiss based on the State's violation of his right to a speedy trial and due process rights.

6.    Petitioner counsel was deficient for failing to present any expert testimony for the defense establishing the lack thereof of any DNA evidence.

7.    Petitioner counsel was deficient for failing to inform petitioner of consequences resulting from a guilty verdict.

[*Id.* at 3–4 (footnote added).]  Petitioner also alleged an appellate error: "Petitioner's Appellate counsel failure to keep him informed of the Appellate's Court disposition prejudiced him in his right to perfect his appeal process." [*Id.* at 4.] The State filed a return and motion to dismiss on July 25, 2012.[8]  [Doc. 26-11.]  The Court of Common Pleas

[7]The copy submitted in this case of Petitioner's petition for writ of habeas corpus in the South Carolina Court of Common Pleas appears to cut off the last line of page 3 [*see* Doc. 26-10 at 3], preventing this Court from reading all of the third alleged trial error; however, Respondent has quoted the missing text in his return and memorandum of law in support of motion for summary judgment [*see* Doc. 26 at 6].

[8]The copy submitted in this case of the State's return and motion to dismiss appears to be missing pages 3, 4, and 5. [*See* Doc. 26-11.]

6

denied and dismissed with prejudice the petition, finding the claims could not be raised in a petition of habeas corpus in the Circuit Court of South Carolina because Petitioner failed to set forth any reason he could not have raised the allegations in his previous PCR applications or why other remedies, such as PCR, were unavailable or inadequate.  [Doc. 30-4.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on August 13, 2012.  [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE** Supporting facts:
> My lawyer at trial ineffective because of the allowing of an indictment to go through that showed its defect in the dates Feb. 14, 2000 and Dec. 20, 2000. on the indictments. Feb. 14, 2001.
>
> **GROUND TWO** Supporting facts:
> Neglect on my trial lawyer as well as my appellate lawyer plus my appeal lawyer were very unp[ro]fessional in they performance.  One indictment says I was indicted Febr. 14, 2000 and the arrest was issued Dec. 20, 2000.  The other says I was indicted Febr, 14, 2001.
>
> **GROUND THREE** Supporting facts:
> Under the South Carolina Rules of Criminal Procedures under Pretrial Matters: Rule (1) Rule (2) Rule (3).  Disposition of arrest warrants: action on warrant.  how can the solicitor prepare and indictment before the arrest warrant was issued there is no legal way that you can be indicted on Febr. 14, 2000, when you have an arrest warrant that was sworn out in December 20, 2000.

[Doc. 1-2.]  As previously stated, Petitioner initially submitted his Petition on a form used to file a petition for writ of habeas corpus under 28 U.S.C. § 2241; however, because

Petitioner's claims challenging the validity of his state criminal conviction are cognizable only under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241, the Court ordered Petitioner to resubmit his petition on the form used to file a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Accordingly, in an abundance of caution, the Court will consider those grounds raised in Petitioner's initial petition as well as those raised in his resubmitted petition.  In his initial petition, Petitioner raised the following grounds for relief, quoted substantially verbatim:

> 1.    My trial counsel was ineffective by not investigating my case completely or she would of never allowed that defective indictment to be used.  Febr. 14th indicted. December, warrant issued on the 20th.

> 2.    My appeal lawyer M/S Ailen P. Clare did not even checked the warrant no the conflict in and on the fact of the indictment or she would of seen the errors.  She had no interest in my case.  That was shown by her allowing that defective indictment to prevail.

> 3.    Tara D. Shurling, my PCR counsel, was in neglect also by not completely checking the warrant as well as the defective indictment.  She was the cause of my first PCR being turned down because she didn't file the 20 day notice on time.  This is why she filed the second PCR.

> 4.    Because of the lack of interest in all my counselors my 6th, 14th, 5th and 8th Amendments has been violated which caused me to be now incarc[e]rated unfairly.

> 5.    M/S Jeanette Williams the then solicitor was also in violation by using a defective indictment to rule on which gave her nor the courts any jurisdiction to rule on.

> 6.    It is the job of the solicitor by constitutional law to matinain the adequacy of the law and to make sure that the law is fairly applied accordingly with the constitution of this state and this country.

8

7.      Honorable Judg[e] John Breeden the then Judg[e] in
        this case.  For not completely investigating himself to
        see if all things were according to the law.

8.      Had Honorable Judg[e] Breeden had himself examined
        the adequacy of the indictment he would of never
        allowed himself as Judg[e] to make any ruling on an
        indictment that in violation of the law.

[Doc. 1.]  As stated, on December 14, 2012, Respondent filed a motion for summary

judgment.  [Doc. 27.]  On January 2, 2013, Petitioner filed a supplement to his Petition,

which he titled an "amendment in reference to petition for habeas corpus"[9] [Doc. 38] and,

on January 8, 2013, Petitioner filed a response in opposition [Doc. 39].  On March 29,

2013, Respondent filed a reply [Doc. 43].  Accordingly, Respondent's motion is ripe for

review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe

his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S.

519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978);

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less

stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under

---

[9]Petitioner's amendment reads as follows:

I Marion Franklin # 222409, request this Honorable Court to allow this
amendment to my federal habeas corpus petition C/A No. 8:12-2331-GRA-
JDA Luis Mariano Martinez v. Ryan, Director, Arizona Department of
Corrections No. 10-001.  Argued October 4, 2011.  Decided March 20,
2012.

[Doc. 38.]

9

this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the

10

non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

11

**Habeas Corpus**

> ***Generally***

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

12

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653

14

S.E.2d 266 (S.C. 2007).[10]  Further, strict time deadlines govern direct appeal and the filing

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal

must be filed and served on all respondents within ten days after the sentence is imposed

or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R.

203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if

there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. §

17-27-45.

　　　　If any avenue of state relief is still available, the petitioner must proceed through the

state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson*

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir.

1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those

issues that were presented to the South Carolina Supreme Court through direct appeal or

through an appeal from the denial of a PCR application, regardless of whether the

Supreme Court actually reached the merits of the claim.

　　　　*Procedural Bypass*

　　　　Procedural bypass, sometimes referred to as procedural bar or procedural default,

is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he

failed to raise at the appropriate time in state court, removing any further means of bringing

that issue before the state courts.  In such a situation, the petitioner has bypassed his state

remedies and, as such, is procedurally barred from raising the issue in his federal habeas

---

[10]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  *See id.*  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.  *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to

16

comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule,

or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

18

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, --- U.S. ---, ---, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred and that Petitioner has failed to establish he is entitled to equitable tolling. [Docs. 26 at 9–14; 43 at 3–4.]  Petitioner has failed to specifically address Respondent's argument that his Petition is time barred.  [*See* Docs. 38; 39.] Upon review, the Court agrees with Respondent that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

The South Carolina Court of Appeals dismissed Petitioner's direct appeal on November 4, 2002. [Doc. 26-2.] Consequently, Petitioner had one year from November 19, 2002—when time expired for Petitioner to seek further direct review—to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); *Holland*, 130 S. Ct. at 2558; S.C. App. Ct. R. 221(a), 242(c) (establishing that a decision of the South Carolina Court of Appeals is not final for purposes of petitioning the South Carolina Supreme Court for review until the petitioner has filed a motion for rehearing by the Court of Appeals, and such motion must be filed within fifteen days of the Court of Appeals' decision).

Petitioner filed his first PCR application on September 20, 2004 [Doc. 26-4], such that 671 days elapsed before Petitioner filed his PCR application. Accordingly, the one-year period in which to file a federal habeas petition had already expired when Petitioner filed his first PCR application.

Further, the PCR application would not be considered properly filed pursuant to 28 U.S.C. § 2244(d)(2) and would not toll the limitations period. An application is considered "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application may be properly filed even if all the claims it contains are without merit or are defaulted. *Id.* In essence, if the

20

state court rejects each individual claim, then the application as a whole was properly filed; on the other hand, if the state court dismisses the entire application without consideration of the individual claims, then the application was not properly filed. *See id.* Here, the PCR court issued a conditional order of dismissal, summarily dismissing the PCR application for failure to file within the time mandated by statute [Doc. 26-6] and, when Petitioner failed to respond to the conditional order, a final order was filed dismissing the action with prejudice [Doc. 26-7]. Therefore, Petitioner's first PCR application did not toll the statute of limitations, and his federal habeas petition is time barred.[11]

**Equitable Tolling**

In his response in opposition to the motion for summary judgment, Petitioner has failed to specifically address why his first PCR application was filed 22 months after the time expired for Petitioner to seek further review in his direct appeal. Petitioner only addresses why he failed to respond to the PCR court's conditional order and failed to perfect an appeal from the PCR court's dismissal of Petitioner's first PCR application, arguing his PCR counsel should have filed a response to the conditional order and should

---

[11]The Court is mindful that, in *Jimenez v. Quarterman*, 555 U.S. 113 (2009), the Supreme Court held that when a state court grants a criminal defendant the right to file an out-of-time *direct appeal* during state collateral review, before the defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a state PCR action does not retroactively toll the statute back to the filing date of the original PCR application. *See Streu v.* Dormire, 557 F.3d 960, 967 n.2 (8th Cir. 2009) (concluding that "[w]hen a *conviction* becomes 'final' for purposes of § 2241(d)(1)(A) is distinct from when an *application* for post-conviction review is "pending" for purposes of § 2244(d)(2)") (alterations in original); *Small v. Norris*, No. 08–273, 2009 WL 1529463 at *2 (E.D. Ark. June 1, 2009) (holding the time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244). In this case, it is not necessary to determine the effect of *Jimenez* on Petitioner's application because, even assuming Petitioner could retroactively toll the limitations period back to the filing date of his first PCR application, this Petition is still not timely.

have filed an appeal of the final order.  [*See* Doc. 39.]  For the reasons explained below,

Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"  *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted).  The

Fourth Circuit has underscored the very limited circumstances in cases subject to the

AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only

entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his

control or external to his own conduct, (3) that prevented him from filing on time."  *Rouse*

*v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances

warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective

22

> notions of fair accommodation. We believe, therefore, that any
> resort to equity must be reserved for those rare instances
> where—due to circumstances external to the party's own
> conduct—it would be unconscionable to enforce the limitation
> period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[12]   The Supreme Court has

suggested that equitable tolling is justified to relieve the operation of a limitations bar due

to egregious unprofessional attorney misconduct, such as abandoning the client; a last

minute change in representation beyond the client's control; failing to conduct essential

services of representation like communicating with the client and performing basic legal

research; and denying the client access to files and misleading the client.  *Holland*, 130 S.

Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held

that, in addition to demonstrating extraordinary circumstances prevented the petitioner from

timely filing, the petitioner must demonstrate he has been diligently pursuing his rights.  *Id.*

at 2562.

Here, Petitioner has failed to demonstrate extraordinary circumstances beyond his

control prevented him from filing his first PCR application within the statute of limitations.

In fact, Petitioner has failed to even explain why he waited 22 months to file his first PCR

---

[12]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly.  *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

application.   Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

Jacquelyn D. Austin
United States Magistrate Judge

July 31, 2013
Greenville, South Carolina