UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Marrion Franklin, a/k/a Marion Franklin, | ) | C/A No.: 8:12-cv-02331-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael McCall, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Marion Franklin ("Petitioner"), an inmate in state custody at the Lee Correctional Institution brought the within Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") on August 13, 2012.[1]  ECF No. 1.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) DSC, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling.

This matter is before the Court on Respondent's Motion for Summary Judgment filed on December 14, 2012.  ECF No. 27.  By Order filed December 17, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. ECF No. 28.  On January 2, 2013, Petitioner filed a

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988). The envelope Petitioner used to file the Petition for writ of habeas corpus is stamped "received" by Lee Correctional Institution Mail Room on August 13, 2012 and the postmark reveals that the petition was mailed that same day. ECF No. 1-1.  Petitioner submitted his Petition on a form used to file a petition for writ of habeas corpus under 28 U.S.C. § 2241; however, because Petitioner's claims challenging the validity of his state criminal conviction are cognizable only under 28 U.S.C. § 2254, the Magistrate Judge ordered Petitioner to resubmit his petition on the form used to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 8. Accordingly, Petitioner's resubmitted Petition was filed on August 30, 2012. ECF No. 1-2.

supplement to his Petition and, on January 8, 2013, Petitioner filed a response in opposition to Respondent's Motion. ECF Nos. 38 & 39.  On March 20, 2013, the Magistrate Judge ordered Respondent to file a reply, and Respondent filed a reply on March 29, 2013. ECF Nos. 41 & 43.

On July 31, 2013, Magistrate Judge Austin issued a Report and Recommendation ("R & R") in which she recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 Petition be dismissed, because the Petition is time barred and Petitioner is not entitled to equitable tolling. Report & Recommendation 19, ECF No. 52.  Any objections to the R & R were due no later than August 19, 2013.[2]  Petitioner failed to timely file any objections, as he did not file his Objections, ECF No. 65, until September 11, 2013.[3]  On August 26, 2013, Petitioner filed a Motion to Stay. ECF No. 61.  Petitioner contends he may have a state court remedy available to him in the form of a belated appeal pursuant to

---

[2] The court clerk forwarded a copy of the R & R to Petitioner on July 31, 2013, along with a notice that stated:

> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. . . . "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" . . . Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. **Failure to timely file specific objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such a Recommendation.**

Report and Recommendation, ECF No. 52.

[3] This Court notes that Petitioner filed a Motion for Extension of Time to file objections to the R & R, which this Court by Order denied because Petitioner failed to establish good cause for an extension. ECF Nos. 56 & 59.  In addition, this Court notes it did not receive Petitioner's Objections until September 13, 2013.  However, it appears that the prison mailroom received the Objections on September 11, 2013, ECF No. 65-1, and therefore Petitioner's filing date under *Houston v. Lack* is September 11, 2013.  Regardless, even using the *Houston v. Lack* filing date of September 11, 2013, Petitioner's Objections were still untimely filed.

*Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991). Respondent filed a response in opposition to Petitioner's Motion to Stay on September 6, 2013. ECF No. 63.

## Standard of Review

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Furthermore, a failure to object waives a petitioner's right to appeal. *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

## Discussion

As noted above, Petitioner's Objections were untimely filed. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead

"must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee's note). After conducting such a review and finding no error, this Court finds that the Magistrate Judge's R & R accurately summarizes the case and applicable law. Accordingly, for the reasons articulated by the Magistrate Judge, the R & R is accepted and adopted in its entirety.   As such, Petitioner's Motion to Stay is inappropriate and serves no useful purpose.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment is GRANTED and that Petitioner's § 2254 Petition is DENIED.  The Court declines to issue a certificate of appealability in this matter.[4]

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay is DENIED insofar as it seeks to have this federal habeas matter stayed while Petitioner pursues further collateral relief.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 17, 2013
Anderson, South Carolina

---

[4] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2), *see Slack v. McDaniel*, 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").